UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Michael Fiorito, | Case No. 22-cv-486 (ECT/LIB) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Warden Fikes, | |
| Respondent. | |

This matter comes before the undersigned United States Magistrate Judge pursuant to a general referral in accordance with the provisions of 28 U.S.C. § 636 and Local Rule 72.1, as well as, upon Petitioner Michael Fiorito's Petition for writ of habeas corpus ("Petition"). [Docket No. 1].

Petitioner Michael Fiorito was convicted after a jury trial (in which he represented himself) on six counts of mail fraud and one count of conspiracy to commit mail fraud. See, United States v. Fiorito, No. 07-CR-0212 (1) (PJS/JSM) (D. Minn.). As a result, Petitioner was sentenced to a total of 270 months' imprisonment—240 months on each of the mail-fraud counts, to be served concurrently with each other; and 60 months on the conspiracy count, with 30 of the 60 months to be served consecutively to the mail-fraud counts.

In the present Petition for a writ of habeas corpus, Petitioner argues that the sentence imposed for the mail-fraud convictions is unlawful, and he should therefore be released from prison. Petitioner's argument goes like this: Under 18 U.S.C. § 3559(a)(3), "[a]n offense that is not specifically classified by a letter grade in the section defining it, is classified if the maximum term of imprisonment authorized is . . . less than twenty-five years but ten or more years, as a Class C felony." The federal mail-fraud statute, 18 U.S.C. § 1343, is not specified by letter grade, but it

carries a maximum term of imprisonment of 20 years and is therefore, according to Petitioner, a Class C felony pursuant to § 3559(a). But under 18 U.S.C. § 3581(b)(3), the authorized term of imprisonment for a Class C felony is "not more than twelve years." Thus, concludes Petitioner, § 3581(b) renders the sentencing judgment void to the extent that it imposes a sentence of more than twelve years on the mail-fraud counts, and the Federal Bureau of Prisons lacks authority to continue carrying out the putatively void judgment.

There are at least two problems with Petitioner's argument. The first problem is that, as explained by every Court to have considered it, the argument is without merit. See, e.g., United States v. Simpson, 796 F.3d 548, 552-53 (5th Cir. 2015); United States v. Avery, 15 F.3d 816, 818-19 (9th Cir. 1993); United States v. Gonzalez, 922 F.2d 1044, 1050–51 (2d Cir. 1991); Taylor v. Fikes, No. 20-cv-1364 (PJS/ECW), 2021 WL 363855, at *4 (D. Minn. Feb. 3, 2021) (rejecting argument identical to that made by Petitioner). The maximum-sentence provision of § 3581(b) upon which Petitioner relies does not apply where a different maximum sentence is "otherwise specifically provided" by federal law. 18 U.S.C. § 3551(a); Simpson, 796 F.3d at 553. And by permitting sentences of "not more than 20 years," § 1343 has "otherwise specifically provided" a maximum sentence for mail fraud different from the maximum sentence that would otherwise be provided by § 3581(b)(3).[1]

The second, more important problem with Petitioner's argument is that the Court lacks jurisdiction to consider it. "It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in" the challenger's underlying criminal case pursuant to 28 U.S.C. § 2255 "and not in a habeas petition filed in the court of incarceration . . . under [28 U.S.C.] § 2241." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003).

---

[1] As pointed out in Taylor, the case relied upon by Petitioner in the memorandum supporting his habeas petition, United States v. R.L.C., 915 F.2d 320 (8th Cir. 1990), is not to the contrary. See, Taylor, 2021 WL 363855, at *4 n.6.

Federal district courts lack jurisdiction to hear a habeas petition containing a federal prisoner's collateral challenge to his conviction or sentence unless the prisoner demonstrates that the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. See, 28 U.S.C. § 2255(e) ("An application for a writ of habeas corpus in behalf of a [federal] prisoner . . . shall not be entertained . . . unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."); DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam).

In the present case, the habeas petition is framed as an attack on the manner in which Petitioner's sentence is being carried out by the Federal Bureau of Prisons, but Petitioner's claim goes beyond the mere execution of his sentence. Rather, Petitioner's claim is an attack on the lawfulness of the sentence itself; the premise of his claim is that the sentencing authority in his underlying criminal case lacked authority to impose the sentence that it did.

Under § 2255(e), a petition for a writ of habeas corpus is not an appropriate procedural vehicle for a federal prisoner to launch such an attack upon his sentence, unless § 2255 is "inadequate or ineffective." The fact that a prior motion brought by Petitioner under § 2255 was denied on the merits, see, United States v. Fiorito, No. 7-cr-0212 (1), 2015 WL 2341962 (D. Minn. May 14, 2015), and that Petitioner is now required to procure authorization from the United States Court of Appeals for the Eighth Circuit to proceed again under § 2255, see, 28 U.S.C. § 2255(h), does not render § 2255 inadequate or ineffective. See, e.g., United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000). Nor does it matter that the claim would plainly be untimely if brought under § 2255, see, 28 U.S.C. § 2255(f), as a prisoner cannot render § 2255 inadequate or ineffective by allowing the limitations period to expire on his claims and then proceeding via habeas corpus. See, e.g., Lurie, 207 F.3d at 1077; In re Davenport, 147 F.3d 605, 608 (7th Cir. 1998).

Petitioner had two unobstructed procedural opportunities—first on direct appeal, later under § 2255—to present his claim that § 3581(b) limited to twelve years the term of imprisonment which could have been imposed upon him for committing mail fraud.[2] Having failed to successfully take advantage of those opportunities, Petitioner cannot now seek to avail himself of a habeas remedy. See, Abdullah v. Hedrick, 392 F.3d 957, 963 (8th Cir. 2004). The Court lacks jurisdiction over the habeas petition, which must therefore be dismissed. See, Fed. R. Civ. P. 12(h)(3).

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that this matter be **DISMISSED without prejudice** for lack of jurisdiction.

Dated: March 16, 2022         s/Leo I. Brisbois
                              Hon. Leo I. Brisbois
                              United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).

---

[2] Of course, even if § 3581(b)(3) limited the term of imprisonment for mail fraud to twelve years, Petitioner was found guilty of having committed six counts of mail fraud, and nothing in § 3581(b) would have prohibited the sentencing court from imposing sentences consecutively to an aggregate of 20 years (or more). See, 18 U.S.C. § 3584(a).